STATE, Respondent, v. LOBERG, Appellant

(42 N. W.2d 199)

(File No. 9054. Opinion filed April 13, 1950)

**Chas. E. Gorsuch,** Aberdeen, for Appellant.

**Sigurd Anderson,** Atty. Gen., **W. O. Knight,** Asst. Atty. Gen., **Ernest Gunderson,** State's Atty., Brown County, Aberdeen, for Respondent.

RUDOLPH, J.   Defendant was convicted of the crime of rape, second degree, and has appealed.   The conviction must be affirmed.

Three principal questions are presented.   First, whether the evidence is sufficient to sustain the. conviction; second, whether the trial court erred when it received in evidence a written statement signed by defendant; third, whether it was error for the trial court to inquire of the jury as to its numerical division.

■   No purpose would be served in detailing the evidence.   The testimony of the prosecuting witness, her mother and the doctors who exomined the girl shortly after the alleged occurrence is amply sufficient, in our opinion, to sustain the conviction.

■ ■   Good practice requires that the trial court hear all of the testimony relating to the conditions under which a statement or confession is made before passing upon its

competency. State v. Nicholas, 62 S..D. 511, 253 N.W. 737. The procedure followed by the trial court in this case was irregular, but when viewed in the light of the entire record, not prejudicial. Following the examination of the Chief of Police regarding the signing of. the statement, defendant made no request to then testify with reference to this writing. Defendant only requested that the court reserve its ruling until defendant was called to testify. However, the trial court then admitted the writing in evidence. When the defendant was called he gave in detail his version relating to the signing of the statement, and after such testimony moved that the writing be stricken from the record. In denying this motion the court of necessity ruled in favor of the competency of the writing and this ruling was after the defendant had full opportunity to testify concerning the circumstances under which he signed the instrument. The error in admitting the instrument before this testimony was received cannot, therefore, be held prejudicial. We have considered the testimony of defendant relating to signing of this statement and the most that can be said in defendant's favor concerning this testimony is that it simply raised an issue of fact which was decided adversely to defendant.

■ After the jury had deliberated through one night the court summoned it to the courtroom and the following proceedings were had:

"The Court: Members of the jury, have you selected a foreman?

"A Juror: Yes.

"The Court: Who is your foreman?

"A Juror: I am.

"The Court: You have now deliberated one afternoon, one night and a part of this forenoon, are you reasonably close to a decision? I don't want you to state how you stand, that is, in favor of the State or the defendant, but how are divided?

"The Foreman: Nine to three.

"The Court: Do you beilieve you can reach a verdict?

"The Foreman: We were just about to take a vote.

"The Court: You may retire to your jury room and continue your deliberations."

Obviously by the above colloquy there was no attempt on behalf of the court to coerce the jury. The record presents the question whether mere inquiry as to numerical division constitutes reversible error. The courts are divided on this question. Annotation 85 A.L.R. 1450, 23 C.J.S., Criminal Law, § 1380(c), page 1058. We believe the better rule to be that where the trial judge says nothing to induce the jury to reach a verdict, the mere inquiry as to numerical division is not grounds for a reversal. The contrary holding, in our opinion, places form above substance. Such inquiry is the only means the trial judge has of ascertaining whether there is reasonable probability of agreement if the jury continues its deliberations, and we believe it an improper reflection upon the jury system to accept the view that such bare inquiry has a tendency to influence the jury.

The judgment appealed from is affirmed.

All the Judges concur.